UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20504-CIV-HUCK/DUBÉ

MARGARITA MONTOTO,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Motion to Dismiss filed by the Defendant (D.E. #11) and the Motion to Remand filed by the Defendant (D.E. #16) pursuant to an Order of Reference entered by the Honorable Paul C. Huck, United States District Judge. This Court has reviewed the motions and the file in this cause.

The Plaintiff, Margarita Montoto (hereinafter "Montoto" or "Plaintiff") has filed a complaint seeking review of a decision denying her application for supplemental security income benefits. The Defendant responded to Montoto's complaint by filing the Motion to Dismiss on the grounds that subject matter jurisdiction is lacking because no final decision of the Commissioner was rendered as required for judicial review under 42 U.S.C. § 405(g).

The Plaintiff filed her Opposition to the Motion to Dismiss (D.E. #14) contending she did not attend her hearing which was scheduled before an ALJ as she was notified by phone several days before that it had been cancelled and would be rescheduled at a later time. Thereafter, the ALJ went forward with the hearing and entered an Order of Dismissal due to the Plaintiff's failure to appear at

the hearing. The Plaintiff appealed the Order of Dismissal to the Appeals Council and her appeal was denied. The Plaintiff has taken the position that termination of her benefits without a hearing is a violation of her due process rights afforded under the Fifth Amendment to the United States Constitution.

The Defendant filed the Motion to Remand contending that remand would serve the interests of justice and ensure that the Plaintiff's due process rights are protected. The Motion to Remand seeks to have this Court remand this cause to the Commissioner under sentence six of 42 U.S.C. § 405 (g) for further review of the Plaintiff's claim. The Motion to Remand indicated that the Plaintiff <u>objects</u> to the relief sought.

Sentence six of section 205 (g) of the Social Security Act, 42 U.S.C. § 405 (g) states as follows:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Social Security...

42 U.S.C. § 405 (g).

It is the opinion of this Court that the Plaintiff's benefits should not have been terminated without her first having the opportunity to have a hearing before an ALJ. The facts indicate that the Plaintiff attempted to attend a hearing but was under the impression that it had been cancelled. A review of the telephone records attached to the Plaintiff's Complaint along with the accompanying affidavits would suggest that her belief that the hearing was cancelled was justified. Furthermore, the Plaintiff filed her request for review with the Appeals Council within the proper time frame. The Court also agrees with the Defendant that a remand in this case would best serve the interests of

justice and ensure the Plaintiff's Fifth Amendment due process rights are protected. Therefore, it is the recommendation of this Court that the case be remanded for further proceedings.

Accordingly, based on the foregoing, this Court recommends as follows:

(1) The Motion to Dismiss (D.E. #11) should be **DENIED as MOOT**.

(2) The Motion to Remand (D.E. #16) should be **GRANTED** and this cause be hereby **REMANDED** to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). On remand, the Commissioner shall conduct the following proceedings:

(a) The Appeals Council to vacate its decision denying review of the ALJ's dismissal;

(b) The Appeals Council to reopen the Plaintiff's case; and

(c) The Appeals Council to remand the Plaintiff's case to an ALJ so that a proper hearing can be held.

(3) This Court retain jurisdiction of this case and not enter a final judgment pursuant to Rule 58, Federal Rules of Civil Procedure, until after the remand proceedings are completed and the Commissioner has filed with the Court any additional and modified findings of fact and decision.

(4) The Clerk's Office to close this case for administrative purposes.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this \_\_\_6\_\_\_ day of July, 2009.

*[signature]*

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE